UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATTORNEYS' TITLE INSURANCE FUND a Florida corporation, on its own behalf and on behalf of Directors and Officers of the National Attorneys' Title Assurance Fund, | ) ) ) ) ) ) | 1:14-cv-01267-SEB-MJD |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| RSUI INDEMNITY COMPANY, | ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 20], filed on August 12, 2014, pursuant to Rules 12(b)(7) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Attorneys' Title Insurance Fund, a Florida business trust, and Attorneys' Title Insurance Fund, Inc., a Florida corporation (collectively, "ATIF"), on their own behalf and on behalf of the Directors and Officers of the National Attorneys' Title Assurance Fund ("NATAF"), bring this declaratory action against the insurance company, Defendant RSUI Indemnity Company ("RSUI"), seeking a declaration of rights under the applicable insurance policy and a finding that RSUI is obligated to indemnify the insureds, including certain officers and directors of NATAF.

**Factual Background**

In 2010, ATIF purchased a Directors & Officers Liability Policy from RSUI, which was renewed each year thereafter. The most recent policy was in effect from August 2013 to August 2014. ATIF purchased the RSUI policies to provide liability insurance for directors and officers of NATAF, a title insurance company in which ATIF is a shareholder. NATAF is identified as an "additional named insured" on the RSUI policies. The RSUI policies were claims made and reported policies, meaning that they provided coverage only for claims first made and reported during the policy period.

This case involves a dispute over insurance coverage under the RSUI policies for numerous claims made against RSUI's insureds following a misappropriation of funds in 2010 by Accurate Land Title LLC, a title agent of NATAF. The underlying insurance claims at issue have been brought against NATAF and its officers and directors, not against ATIF. These claims are treated by RSUI collectively as a single claim ("the Accurate Claim"). RSUI denied the Accurate Claim, including the action recently filed by the Commissioner of the Indiana Department of Insurance against NATAF's deceased president and director, Ronald Hocker, primarily on the basis that the Accurate Claim was not first made and timely reported during the policy period of any of the RSUI policies.

On July 8, 2014, ATIF filed its complaint in this action in the Marion Circuit Court. The case was subsequently removed to this court on July 29, 2014. ATIF filed an amended complaint on August 4, 2014, seeking a declaratory judgment that RSUI has a duty to defend (Count I) and indemnify (Count II) ATIF and the directors and officers of NATAF in connection with the Accurate Claim. ATIF has also brought claims for

estoppel/waiver (Count III); breach of contract (Count IV); breach of duty of good faith and fair dealing (Count V); illusory insurance (Count VI); and unjust enrichment (Count VII).  On August 12, 2014, RSUI filed its motion to dismiss pursuant to Rule 12(b)(7), for failure to join required parties.  RSUI also moved pursuant to Rule 12(b)(6) to dismiss Counts III, V, VI, and VII of the amended complaint for failure to state a claim upon which relief may be granted.

## Rule 12(b)(7) Motion to Dismiss

### I. Standard of Review

Rule 12(b)(7) allows dismissal of an action where a litigant fails to join a party under Federal Rule of Civil Procedure 19.  Fed. R. Civ. Pro. 12(b)(7).  Under Rule 19, an entity is a required party to an action if the court could not accord complete relief in that entity's absence.  Fed. R. Civ. Pro. 19(a)(1)(A).  Alternatively, an entity must be joined under Rule 19 if it claims an interest related to the subject matter of an action and "is so situated that disposing of the action in the person's absence may … impair or impede the person's ability to protect the interest; or … leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. Pro. 19(a)(1)(B).  In this procedural context, the court accepts all well-pleaded allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001) (citation omitted).

### II. Discussion

3

Pursuant to Rule 12(b)(7), a party may move for dismissal of a lawsuit "when the other party has 'fail[ed] to join a required party' under Rule 19(a)…." *No Baloney Mktg., LLC v. Ryan*, 1:09-cv-0200-SEB-TAB, 2010 WL 1286720, at *13 (S.D. Ind. Mar. 26, 2010) (citing Fed. R. Civ. Pro. 12(b)(7)). Rule 19(a) provides:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Pro. 19(a)(1). In cases in which a required party is not joined, and if joinder is not feasible, the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Pro. 19(b).

Here, RSUI argues that ATIF's failure to join NATAF and its officers and directors as plaintiffs warrants dismissal. RSUI concedes that the addition of NATAF and its officers and directors would not deprive the Court of subject matter jurisdiction. The caselaw is clear that it is only after an unavailable party has been deemed "indispensable" and cannot be joined is a motion brought pursuant to Rule 12(b)(7)

4

appropriate. *See, e.g., Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999); *No Bologna Mktg.*, 2010 WL 1286720 at *16. RSUI's motion to dismiss brought pursuant to Rule 12(b)(7) is therefore inappropriate on the facts before us and must be denied on that basis. We instead shall treat RSUI's motion as a request for joinder of a necessary party under Rule 19(a). Because, for the reasons detailed below, we find that NATAF and its officers and directors are necessary parties to this action, we order them joined as plaintiffs in this action.

ATIF does not dispute that NATAF and its officers and directors could be proper parties to this litigation, to wit, parties who may be brought in or left out of the lawsuit at the plaintiffs' option, considering that ATIF seeks a declaratory judgment that RSUI is obligated under the 2013-2014 Policy to defend and indemnify NATAF as well as NATAF's directors and officers in the underlying litigation pending against them. ATIF argues that this does not make them necessary parties, however, because the interests of NATAF and its officers and directors in this declaratory judgment action – namely, in an affirmation of RSUI's duties to defend and indemnify – are sufficiently similar to ATIF's interests, such that the rights of NATAF and its officers and directors are adequately protected without their joinder. ATIF further contends that there is no risk to RSUI of incurring inconsistent obligations if NATAF is not joined because ATIF is seeking coverage *on behalf* of NATAF and its officers and directors, and thus, is not in competition with NATAF for limited insurance proceeds in a way that would leave RSUI exposed to the risk of inconsistent judgments.

There can be no doubt that NATAF and its officers and directors have an interest relating to the subject matter of this litigation within the meaning of Rule 19(a)(2)(ii) as the lawsuit directly concerns the coverage obligations owed by RSUI in connection with legal claims brought against them under an insurance policy issued to ATIF and NATAF (as an "additional named insured"). Moreover, this case involves multiple named insureds who each likely has an interest in coverage for the same liabilities. *Cf. In re Forty-Eight Insulations, Inc.*, 109 B.R. 315, 319 (N.D. Ill. 1989) (finding named insured to be a necessary party where it had a dispute with insurer over coverage issues in a case involving coverage rights of the named insured's subsidiary under the same policy). While ATIF purports to sue on behalf of itself and the officers and directors of NATAF, its authority to represent NATAF's interests as well as whether NATAF and its directors and officers would be bound by any judgment affecting ATIF and RSUI in this litigation has not been clearly established in the briefing on this issue. Thus, the absence of NATAF as a party subjects RSUI to a risk of incurring inconsistent obligations if NATAF or any of its directors and officers sought to re-litigate the coverage issues in this case in other litigation, arguing that they are not bound by any judgments affecting ATIF.

It is also not clear at this stage in the litigation that the interests of ATIF and NATAF and its officers and directors are completely aligned or in what manner they may diverge. As RSUI points out, ATIF brings an unjust enrichment claim in this lawsuit, seeking to have all $450,000 in premiums paid for the four RSUI Policies returned in the event the court agrees there is no coverage for the Accurate Claim. If RSUI were granted the relief it seeks, those policies would be effectively rescinded, leaving NATAF and its

6

directors and officers without coverage for other, potentially covered claims wholly unrelated to the Accurate Claim. Accordingly, we are persuaded that, as the additional named insured against whom the underlying claims are brought, there is a risk that, if NATAF and its officers and directors are not joined, their ability to protect their interests in this lawsuit could be impaired.

For these reasons, we find that, as an additional named insured, NATAF and its officers and directors have a distinct interest regarding coverage under the applicable policies that renders NATAF and its officers and directors necessary parties under Rule 19(a). There is no indication that joinder in this case will result in prejudice or create undue expense or delay. *See Hawkins v. Alorica, Inc.*, No. 2:11-cv-00283-JMS-WGH, 2012 WL 5364434, at *2 (S.D. Ind. Oct. 30, 2012) ("A motion for joinder should be denied if joiner will create 'prejudice, expense or delay.'") (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001)). Therefore, because we find NATAF and its officers and directors to be necessary parties and amenable to service of process and the parties agree that joinder will not deprive this court of subject matter jurisdiction, we hereby <u>ORDER</u> that NATAF and its officers and directors be joined as plaintiffs in this litigation. Until NATAF and its officers and directors have been joined, we believe it is inappropriate to address RSUI's arguments for dismissal under Rule 12(b)(6). Accordingly, RSUI's motion to dismiss is <u>DENIED</u> without prejudice to refiling, if required once the necessary parties are joined.

IT IS SO ORDERED.

Date: 03/31/2015

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David W. Gray
LEWIS & KAPPES PC
dgray@lewis-kappes.com

Thomas R. Ruge
LEWIS & KAPPES PC
truge@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

Kevin A. Lahm
WALKER WILCOX MATOUSEK LLP
klahm@wwmlawyers.com

Tiffany Saltzman-Jones
WALKER WILCOX MATOUSEK LLP
tsj@wwmlawyers.com

William P. Bila
WALKER WILCOX MATOUSEK, LLP
wbila@wwmlawyers.com

Jeffrey Fecht
Walker Wilcox Matousek LLP
1 North Franklin Street, Ste. 3200
Chicago, IL 60606